IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMP DRUG STORES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-0397-NJR-DGW |
| | ) |
| EMILY CORPORATION d/b/a DDP MEDICAL SUPPLY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a motion to dismiss Count II of Plaintiff Camp Drug Stores, Inc.'s ("Camp Drug Stores") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Emily Corporation d/b/a DDP Medical Supply ("Emily Corporation") (Doc. 17). On August 21, 2017, Camp Drug Stores filed a response in opposition to the motion (Doc. 23). On September 5, 2017, Emily Corporation filed a reply brief (Doc. 31). For the reasons set forth below, the motion is denied.

**Legal Standard**

In deciding a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6), the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince,* 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly,* courts must still approach Rule 12(b)(6) motions by construing

the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied,* --- U.S. ---, 130 S. Ct. 1141 (2010) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)).

**Analysis**

Camp Drug Stores has filed a two count complaint against Emily Corporation alleging violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227 (Count I) and common law conversion (Count II). Camp Drug Stores alleges in the complaint that, on March 7, 2017 and April 14, 2017, it received unsolicited fax advertisements on its fax machine (Doc. 1, p. 1, 3-4). The faxes allegedly described a promotion for some of Emily Corporation's products (*Id.*). Camp Drug Stores alleges that it suffered damages as a result of the unsolicited fax advertisements, including the loss of paper, toner ink, wasted time, and interruption of its privacy interests (*Id.* at p. 14-15). Camp Drug Stores purports to bring its claims as a class action, alleging that Emily Corporation faxed (the same or similar) fax advertisements to "more than 39 other persons in violation of the TCPA." (Doc. 1, p. 4).

Emily Corporation has moved to dismiss Count II of the complaint, arguing that: (1) the conversion claim alleged in Count II seeks to recover damages that are duplicative of the damages Camp Drug Stores also seeks to recover in Count I, and (2) Camp Drug Stores's alleged damages under its conversion claim in Count II are *de minimis* and therefore not actionable.

The conversion claim alleged in Count II seeks redress for the same conduct complained of in Count I, the transmission of two fax advertisements. Emily Corporation argues that conversion may not be pleaded as a separate count and should be dismissed from the complaint as duplicative. A "claim" is a set of facts producing one injury. *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). A "count," on the other hand, "is not a claim *per se*, but rather the articulation of a legal theory on which a claim may be premised; there may be more than one legal theory advanced in support of a single claim, and those alternative theories may (but need not be) set forth in separate counts." *Mannes v. Ford Motor Co., Inc.*, No. 13 C 07381, 2014 WL 7332616, at *2 (N.D. Ill. Dec. 22, 2014) (citing FED. R. CIV. P. 8(d)(2)). Rule 8(d)(2) specifically provides that "[a] party may set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones." Since Count II is premised on the same facts as Count I, it is not a distinct "claim," but an alternative legal theory under which Camp Drug Stores might claim entitlement to relief. *Id.* at 291; *see also N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992)) ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate."); *see also Zidek v. Analgesic Healthcare, Inc.*, Case No. 13 C 7742, 2014 WL 2566527, at *2 (N.D. Ill. June 6, 2014) (noting that five counts, which all sought redress for the same conduct, were not distinct "claims," but "different legal theories, any of which might entitle [the plaintiffs] to recover damages"). Thus, since there is only one claim for relief and Camp Drug Stores cannot recover twice for the same injury, it does not matter if Camp Drug Stores can prevail on one legal theory or both legal

theories alleged in the complaint. *See Zidek,* 2014 WL 2566527, at *2. Nor does it matter if Camp Drug Stores articulates the different legal theories in separate counts of the complaint, as Camp Drug Stores is entitled to (but not required to) plead alternative theories of recovery at this early stage of the lawsuit.[1] *See* FED. R. CIV. P. 8(d)(2).

Emily Corporation also argues that Count II should be dismissed for failure to state a claim because Camp Drug Stores's damages are *de minimis*, and *de minimis* damages do not state a cognizable claim for conversion. But as the court in *Zidek* noted, which this Court finds to be instructive, "[t]he federal rules allow for dismissal 'for failure to state a claim' but do not provide a basis for striking individual legal theories." *Zidek*, 2014 WL 2566527, at *2. "Because a new legal theory is not the same as a new 'claim' for federal pleading purposes, [Count II] is not [a new claim] and there is nothing to dismiss." *Id*.

Further, as the parties reference in the briefing, district courts are split as to whether the *de minimis* doctrine even bars conversion claims in junk fax cases like this one. *Compare R. Rudnick & Co. v. G.F. Protection, Inc.*, No. 08 C 1856, 2009 WL 112380 (N.D. Ill. Jan. 15, 2009); *and Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, No. 09 C 1541, 2009 WL 2515594 (N.D. Ill. Aug. 17, 2009); *with G.M. Sign, Inc. v, Elm Street Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 768 (N.D. Ill. 2012); *and Old Town Pizza of Lombard v. Corfu-Tasty Gyro's, Inc.*,

---

[1] Emily Corporation contends that Count II should be dismissed as duplicative based on *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.,* 443 F. Supp. 2d 976 (N.D. Ill. 2006) and *N.A.A.C.P. v. American Family Mut. Ins. Co.,* 978 F.2d 287 (7th Cir. 1992). *Rossario's,* however, is not controlling precedent. Additionally, *Rossario's* relies on *N.A.A.C.P.*, which analyzed the meaning of the term "claim" in Rule 54(b), pointing out that "[i]dentifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of 'claim for relief' in the federal rules." *N.A.A.C.P.*, 978 F.2d at 292. What the Court garners from *N.A.A.C.P. and Rossario's* is that carving up a single federal claim into different counts by identifying different legal bases on which the plaintiff hopes to recover is an *unnecessary* practice, not that such practice warrants dismissal. After all, such a reading would be inconsistent with the language of Rule 8.

No. 11-cv-69959, 2012 WL 638765, at *3 (N.D. Ill. Feb. 23, 2012). A ruling on the applicability of this legal theory "is best saved to the point at which the parties can argue facts, not allegations." *Zidek*, 2014 WL 2566527, at * 3.[2] As such, Emily Corporation's motion to dismiss Count II is denied.

## Conclusion

For the reasons set forth above, the Court **DENIES** Emily Corporation's Motion to Dismiss Count II (Doc. 16).

**IT IS SO ORDERED.**

**DATED:** January 5, 2018

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] For the sake of completeness, the Court will address Emily Corporation's final argument that Camp Drug Stores has failed to allege whether sending the facsimiles in this case resulted in the actual consumption of paper and toner. A review of the complaint reveals that Camp Drug Stores alleges the following: "Where printed (as in Plaintiff's case), Defendant also improperly and unlawfully converted the class members' paper and toner to Defendant's own use." (Doc. 1, p. 16). Thus, the facts alleged imply that the sending of the facsimiles resulted in the actual consumption of paper and toner.